Hear ye, hear ye. This Honorable Appellate Court for the Second District is now open, with Honorable Justice Susan F. Hutchinson presiding, along with Justice Anne B. Jorgensen and Justice Donald C. Hudson. The case is number 219-0856, Chicago Trust Company, Petitioner, Appellant, and Cross Appellee v. Heaven Nanuz, Respondent, Appellee, and Cross Appellant, arguing for the Appellant, Brian Burak, arguing for the Appellee, Dan Duff. All right, good morning, counsel. Good morning. We will begin, and Mr. Burak, if you would like to proceed, you may do so. Good morning. If it pleases the Court, my name is Brian Burak, and I represent Chicago Trust Company, SBL 4158, the Appellant in this matter. This matter comes before the Court pursuant to a tax sale. The delinquent 2014 property taxes were sold by the Kane County Treasurer on November 2nd of 2015. The successful bidder at that tax sale was Fake Properties, LLC. Fake Properties, LLC, in turn, assigned their interest in the tax sale certificate of purchase to Chicago Trust Company. On May 25th of 2018, in accordance with Property Tax Code Section 22-30, Fake Properties, LLC, filed a petition for tax deed. The redemption period was extended to November 1st of 2018, which is within three years of the date of sale, and there was no redemption within the extended redemption period. The tax deed petitioner, in accordance with Section 22-10 of the Property Tax Code, prepared a take notice and lodged the take notice with the Kane County Sheriff's Office for service upon interested parties. The issue, the main issue in this case, is whether strict compliance was had in ascertaining interested parties and in serving the record owner of the property, the appellee, have been man-use. Justices, Section 22-15 of the Property Tax Code is instructive, and it's very specific as to how owners and interested parties can be served or must be served with a take notice in the case of a tax deed proceeding. I'm going to read verbatim because it's very specific, and it states in the third-to-last paragraph of 22-15, if any owner or party interested upon diligent inquiry and effort cannot be found or served with notice in the county as provided in this section, and the person in actual occupancy and possession is tenant to or in possession under the owners or the parties interested in the property, then service of notice upon the tenant, occupant, or person in possession shall be deemed service upon the owner or parties interested. On July the 13th of 2018, the Kane County Sheriff's Deputy presented himself at the subject property, which is 1019 Birchwood Drive in Pingree Grove, Illinois, Kane County. When he arrived at the property, he attempted service upon the record owner, Heaven Nanews. A gentleman appeared at the front door. He identified himself as John Nanews. John Nanews, the deputy asked whether Heaven Nanews was there. He said that she wasn't home. The deputy asked John Nanews what his relationship was to Heaven Nanews, and John Nanews responded that he was her father. He accepted to take notice for Ms. Nanews, and a sheriff's affidavit was prepared of substitute service upon Ms. Nanews by serving her father, an adult over 14 years of age that resided at the subject property. I believe at this point in time, the diligent inquiry of the petitioner, of the tax buyer, was over. A sheriff's deputy signed an affidavit which stated that he attempted service upon Heaven Nanews, and that substitute service was properly effectuated upon her father. What gets confusing is that there was a second sheriff's affidavit. The second sheriff's affidavit states that there was another male at the property, an adult male, not identified by name, but who told the sheriff's deputy that he was the ex-fiance of Heaven Nanews, and that she no longer resided there. This is what led the trial court, I believe, down an erroneous path in its ruling. The trial court ruled that, sustained one of the seven objections filed by the respondent in this case, was that Heaven Nanews, was that the tax buyer did not conduct a diligent search so as to ascertain the whereabouts of Heaven Nanews. Particularly, the objection stated that there was a criminal case pending as case number 17CF2144, and that within the body of that case, the petitioner, the tax buyer, should have ascertained that Ms. Nanews was prevented from residing at the subject property pursuant to a court order for having committed a crime against the purported ex-fiance. The trial court's finding that fake properties was required to search the criminal database for information pertaining to Nanews to satisfy diligent inquiry was erroneous as a matter of law. The reason it was erroneous is, going all the way back, the property tax code was formally known as the Revenue Act of 1939. And in section 2155 of the property tax code, there's an exhaustive list of items which are what we call postable, which means costs which are incurred by the tax buyer because they have to serve interested parties with notice. For example, filing the petition for tax deed, share of services, publication costs. Most recently, in 2011, there was another cost which the legislature recognized as being a necessary cost, and that is, in subparagraph 4, if a petition for tax deed has been filed, all fees up to $150 per redemption paid to a registered or licensed title insurance company or title insurance agent for a title search to identify all owners, parties interested, and occupants of the property to be paid to the purchaser or to his assignee. This was a recognition by the legislature that it's crucial that a tax buyer be able to identify the proper necessary parties who are entitled to service. Prior to that, the tax buyers either had to pay for the title search on their own or conduct their own searches, and the legislature was not convinced that the tax buyer's expertise were sufficient to do this, and for that reason, they enacted Public Act 096-1067. In this case before the court this morning, what fake properties did is they followed the statute, they procured a title search from Bond Title Company, and in addition to doing a track search, which would illustrate any items affecting the specific real estate, they do a pin number search, and they do a grantor-grantee search. That search revealed that the record owner of the property was Heaven Nanews, and that there were two mortgages against the property. In addition to those searches, the title company does a name search on the record owner, in this case on Heaven Nanews, and I quote, the following items from our name search, which may affect title to the real estate, and it says none. In other words, the pending criminal case involving this Nanews was not disclosed in the search. The reason for that is that title companies are not charged with searching criminal databases for information. They want to identify any possible judgments, liens, so that the judgment holders and or lien holders can be provided with notice, and they have a right to redeem to protect their interests. There's absolutely no justifiable reason that a title company would be charged with performing a criminal search, and for that reason, the trial court's imposition of that requirement upon the tax buyer was erroneous. The third item here is that tax buyers are not required to update searches for additional information regarding interested parties once a petition for tax deed has been filed. There is a case called Orr versus Travelers Mortgage Services, Incorporated. What happened in that case is that the tax buyer, Ron Orr, filed a petition for tax deed. Subsequent, that petition was filed on May 31st, 1989. Three weeks later, on June 21st, 1989, Travelers Insurance was recorded a mortgage against the property, and Travelers was never served with notice, and Travelers appealed the trial court's finding of strict compliance and issuing a tax deed. Their argument on appeal was that they had a mortgage and they were required to be served with notice, and the appellate court ruled that once the tax deed petition is filed, the tax buyer need not keep searching the title throughout the notice-serving period. There has to be a finite date after which notice and diligence, there's a cutoff date. And similarly, in the incident preceding, the tax deed petition was filed on May 5th of 2018. The only address disclosed in the title search on the Kane County Treasurer, the Kane County Birchwood Grove, Pingree Grove, Illinois. In fact, if the trial judge attached to his order sustaining the objection, a printout which shows the history of the criminal case against Ms. Magnus, and there is no address other than 1019 disclosed in that printout, in fact, on eight separate occasions in the year 2018, Birchwood Drive, Pingree Grove, Illinois, is the only address that's listed in the criminal database. So the tax buyer had no reason to know of any other address for Ms. Magnus. Furthermore, Ms. Magnus never filled out a change of address form with the U.S. Postal Service, because none of the mail that was sent to her was ever forwarded anywhere, never sent a change of address to either the county treasurer's office, the county clerk's office, or the county assessor's office. All of those offices, as we sit here this morning, still have having Ms. Magnus at 1019 as the taxpayer of record and the tax SSE of the subject property. And for all of the foregoing, we believe that the trial court's ruling was erroneous and should be reversed and remanded. Thank you. All right. Justice Jorgensen, do you have any questions? My question is, the trial court conducted a hearing on basically the motion to quash and other issues, correct? That is correct. And that transcript is not in the record? It should be. All right. And didn't the court really consider that public records included the criminal database of the Kane County Circuit Clerk's Office? Yes. That's exactly the basis for my appeal, is that I believe that that finding was erroneous. All right. But isn't it a public record? It is a public record, but it is not a civil public record. Right. And it is not a public record which relates to real property. Well, how do you make that assumption that it doesn't apply to real property? Excuse me. Because the property tax code and the case law require tax buyers to ascertain interested parties in real estate, and parties in real estate such as mortgages, lien holders. Correct. But it's where you serve that person. Isn't that part of your obligation, not only to identify them, but then find a place to serve them? Yes. I believe that for those purposes, it would be such. And when you encounter a former fiancé, doesn't that, I don't know, trigger some obligation to step back and say, well, let's be sure we did serve the right person here? Well, I don't think whether we serve the right person is an issue here, because we did get substitute service on the right person. Her father accepted service on her behalf. Wasn't there some question whether he was her father or it was the ex-fiancé? No, there were two people at the, I deposed all three of those, all three. Oh, okay. And it was admitted at the deposition that John was her father, he admitted that. And the, who was identified as her ex-husband said that they were not married, but he was the father of the child, and he resided at the property. So both of those adults did reside at the property, and the father accepted substitute service on behalf of the owner. Okay. All right. I have no other questions. Thank you. Justice Hudson? Counsel, as Justice Jorgensen had noted, the record does not contain a transcript of the hearing on the due and diligent inquiry. So you're not aware of that? I myself was not aware of that, no. Okay. And I think that is the case. And in fact, then there's another hurdle that you would need to overcome. Are you aware of the case of Fouch v. O'Brient? I am not, no. Okay. Okay. Which says that the appellant has the burden to present a sufficiently complete record of the proceeding of the trial to support a claim of error, and in the absence of such record on appeal will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. So based on that, I think that that requires us to presume that the trial court did not err in its finding of a lack of due and diligent inquiry. So I think you need to keep that in mind. But beyond that, is it your position that your obligation was essentially just to determine through a title search that the respondent was living there? I mean, is that sufficient in your opinion? I don't think that is sufficient. I think that there's other case law provides for other mechanisms and other sources of information. In particular, the address listed by the defendant at the treasurer's office where the tax bills go, and more importantly, in this modern day, the accurate database is something that tax charged with information as to the accurate database. And the accurate database in this case lists misdemeanors at the subject property. In fact, even if you go to the criminal case and you look, obviously since this happened, I've perused the entire criminal case. There's not a single document in that court file which lists an address for misdemeanors apart from the subject property. So, I don't know that there's any source anywhere by which the tax buyer could have ascertained an alternate address for misdemeanors. Now, earlier in your argument, you alluded to the fact or acknowledged the fact that I think that somebody informed the sheriff that the respondent was no longer living on the property. Is that correct? That's correct. He identified himself as the ex-husband, but then at deposition, he stated that they were never married and was an ex-fiancée. But still, wouldn't that have triggered the concern that perhaps the person they'd separated and she had moved out? That is possible, but we also had a countering sheriff's affidavit, which was an affidavit of substitute service upon the owner's property. Well, but that substitute service is only as effective as the court was making the ruling of due and diligent inquiry. So, I mean, there's a lot of things going on here that you're not faced with in the normal situation. So the question is whether under the totality of the circumstances, there was a lack of diligent inquiry, which the trial judge did find again, right? That's what you're appealing. That's correct. Okay. And unfortunately, we don't have a transcript to tell us what the trial judge was thinking. That's all I have. All right. Mr. Burke, did you want to say something before I asked a question or two? I just wanted to say that while we don't have a transcript from that hearing, we do have a quite detailed written memorandum of opinion by the trial judge. Okay. But apparently, there are some references in the briefs to actual transcript pages, and we're kind of curious how that might have happened. So that's something you might want to look up a little later. Sure will. Thank you. All right. Mr. Burek, isn't substitute service only allowed or only proper and accomplishes your person if you cannot locate the actual owner? Well, it's actually the property tax code modifies that from the typical civil process. Right. It says upon diligent inquiry, an effort cannot be found or served with notice in the county as provided in the section. Her deposition, Ms. Nanus testified that she was residing with her sister in DuPage County, not in Kane County, and she could not recall the address of her sister's residence. And so, you know, that could be correct, had she resided somewhere else in Kane County. But as we sit here right now, I still don't know where she resided. And the only information that I have is from her, and she testified that she resided with her sister in DuPage County, in which case, we couldn't even have sent a sheriff out there to serve her because she didn't reside in the county. Okay, you also indicated that your obligation to search or the tax buyer's obligation to search relates to the filing of the petition for the tax deed. And that's the critical point. Is that correct? That's when the information that is ascertained is cut off. That is correct. All right. But if you receive additional information, and you did in this case, from the ex-husband, who actually might have been the ex-fiance, who might only have been the father of the child that you subsequently learned, if he says that she doesn't live here anymore, are you free as a tax buyer to just disregard that information? I don't think so. I think I had an abundance of caution. When I receive information as to an alternate address, I typically, in my practice, I will direct the sheriff or the process server to attempt further service at that alternate address. Unfortunately, in this case, that information was not provided. And actually, I believe that the ex-fiance testified that he didn't know the exact address of where she resided. So it wasn't instructive enough for me to send the sheriff. I didn't know where else to send the sheriff, because I didn't have an alternate address. Okay. And one last issue. It seems to be stated rather positively that the trial judge had said, you have to review all records that you can find, including criminal records. Isn't it a fact that he said, in this circumstance, in Kane County, where these records are housed generally in the same location, because this clerk's office is outside of courthouses, I believe, that you can get this information without a great deal of trouble? He considered that to be something that should have been done. Isn't that what he actually said? No, I don't believe that he made any differentiation for Kane County and the particular circumstance of Kane County. His ruling was that all databases need to be searched in order to ascertain interested parties. And what exactly is wrong with that? Well, again, going back to what exactly a tax purchaser is required to ascertain, a tax purchaser is required to ascertain who has an interest in this property. Does somebody have a lien against the property? Does the IRS have a lien? Does the Illinois Department of Revenue have a lien against the property? Anyone with an interest in this real estate is entitled to take notice, informing them that the property taxes are delinquent and that they can retain their interest by redeeming. And that's the purpose of ordering title searches and judgment searches. Okay, but if you don't get it to the right person, the owner, Internal Revenue, that would be an entity, but you don't get it in the right place, you're not going to give them an adequate ability to redeem, are you? All the tax buyer could do is make a diligent inquiry. And I think that's exactly the crux of the issue here, is whether the tax buyer made an inquiry. The tax buyer was not provided with any information as to any other place by which to serve Ms. Nanews. And in fact, the sheriff's deputy handed a take notice to the father of her child and to her father, who were both residing in her property. They sent certified mail directed to her, which somebody signed certified mail. And I just don't know how far or how much further the tax buyer could possibly have gone in order to assure that Ms. Nanews got the notice. I believe that... If you had not been told she does not reside here anymore, I would tend to agree with you. But once you're told that, don't you have some obligation to keep looking? No, I think that that question is actually covered by the Orr versus Travelers case, which I cited in argument three on page seven of my brief. And the Orr versus Travelers services says, basically, there's a cutoff. You have to ascertain interested parties. And there's a date certain after people stop searching the public records and stop your diligent search. There's got to be a point in time after which the tax buyer doesn't have to do anything else that they've already ascertained who's required to be served and where they're required to be served. All right. Thank you very much. Mr. Duff, if you are ready, you may proceed. Yes, I am. There's been a lot of discussion about her whereabouts. It was a very dysfunctional family. If we looked at the record, she had been kicked out of the house. Mr. Burek's making a point maybe five, six different times that there was a cutoff time. She was removed from the house maybe seven or eight months before the petition for the tax deed. Getting back to the service on the father, I don't see how we can argue a substitute service, a bode service. She wasn't living there. So how could it be a bode service, number one? Number two, when the fiancee received the paperwork and informed the sheriff and the sheriff actually filed an affidavit that she no longer lives there, that is a humongous red flag. Now, all the cases that I cited in our brief indicate that they've got to do a diligent search, and the diligent search certainly includes an Internet search. One of the cases talks about a probate search. In other words, the records of the county. If somebody would have just clicked on the Kane County clerk's office and in two seconds put in her name, her name comes up and it refers to the criminal proceedings. She appeared in those criminal proceedings through an attorney throughout a year's period of time. His name and address and telephone number and so forth were indicated. I'm not indicating that he should have been served, but a certain phone call to him that this is proceeding and this is, you know, get a hold of your client would have been prudent. That did not happen. Admittedly, that did not happen. In the court proceedings, she bond was put up by her sister. The bond indicates her address, her telephone number and so on and so forth. There was no attempt to contact her. But beyond all that, as a judge points out, she was in court seven times before the tax proceedings was filed and multiple times after the tax proceedings were filed. And Mr. Burek points to 22.15, which I'll quickly read. If the owner or party interested upon diligent inquiry, there was no diligent inquiry here, cannot be found or served with notice in the county as provided by this section of the talk about Kane County. She was in court personally in court 15, 16, 17 times before the case was even filed. They could have looked that up and said, oh, you know, she's going to be in court on just making this data. But October 2nd, 2017, why don't we personally serve her? They did nothing. There was no diligent diligent search whatsoever. So I guess, you know, getting back to one justice's comment about there's not a record on appeal here, there's no transcript. I think that's dispositive in itself. Um, so I think that's dispositive. Number one, number two, I don't really think the service on the father, uh, was effective as far as substitute service when she didn't even live there. Uh, secondly, there was this huge red flag. And thirdly, all the cases, including the Supreme Court of our state says it's gotta be a diligent search. And there's, it's articulated what a diligent search is. Certainly all he had to do was go to the Kane County records and boom, there she is. And again, she could have been personally served, uh, many, many, many times, or she could have been contacted through her sister, uh, whose address was shown in the criminal proceedings. And also her attorney, uh, certainly cut some contact should have could have been, and should have been had through one of those sources. Now, I really don't have too much more to say other than that, what's in my brief. Uh, but I do have a cross appeal. So I don't know if you wanted to entertain that or wanted to ask some questions about what I just said. So first, uh, why don't you go ahead and take your time and finish your cross appeal? Then we'll ask the question. Okay. The, uh, one of the main issues here is, um, uh, my cross appeal is that there was a subsequent tax buyer. Um, and he was of record and he is in these pleadings and of record to the appellate court. And there was the case law, uh, clearly states that if there's a subsequent, in fact, Mr. Burek just sort of mentioned this, if there's a subsequent tax buyer or a lien holder, they have to be brought into the case. Um, the subsequent tax buyer was, uh, everybody knew about him. He was of, um, you know, all they had to do was search the record. In fact, Mr. Burek attached it to his pleadings, I think. And, uh, admittedly, the plaintiff, uh, the petition did not, did not seek to bring that tax buyer into the proceedings, which is a major defect right there. And I think that, uh, uh, our appeal on that particular point is, is, is, is well made. Secondly, there was a lien holder. I think it was the community association. They had a lien against Miss Mann News. They also by law were supposed to be brought in. And lastly, there was a tax lien that had been filed of record. And Mr. Burek makes the point about, there's a cutoff, all of these things. Um, this man is criminal case preceded the tax deed. The lien preceded the tax deed. Uh, the lien from, um, state of Illinois preceded the tax lien. So those two things, they did not bring those parties in. They had to, that was a mistake. The, uh, the, uh, lower court didn't really address that, but I'm appealing that particular issue. And I think we've got an excellent appeal on that. And last, not least, this is a minor point, but nevertheless, uh, as we know, there's supposed to be absolute strict compliance with all of this. The tax notice that went to whatever people that went to was $20 short. It didn't include a certain fee. Now that's, you know, a small little niggly point, but I'm making the point and I think it's valid point. They did not include this last $20 and the, the law clearly says that when you get a notice, you're supposed to know exactly how much you have to pay to redeem. So that tax notice itself was defective. That's all I got. Justice Jorgensen, do you have any questions? I have two points on the bond receipt that was in the felony charge. Did it have her address? Uh, it had the sister's address and had the sister telephone number and name. And that was listed. I'm sorry. That was on the bond receipt. Yes. Was also one of the conditions of bond that she not returned to the other property. Oh, absolutely. I'm sorry. Yes. She was removed from the property and the first order was, she was not to remove a return to the address until further order. The final order was maybe a year and a half later, but well after the tax petition. So she was out of the premises for that period of time. And the depositions revealed that Mr. Burek took, um, you know, my party for the depositions and they all testified to the same thing that she had been removed by the criminal court. Uh, it is of record here that she's been removed. The judge's, um, order attaches, uh, those, uh, different dates and what, and it's sort of a, um, narration as to what happened. And she was not to come back to the house. She did not come back to the house and she wasn't allowed back to the house for a year and a half or two years. And, uh, that bond, those bond documents and the orders pursuant to it were part of the, um, CF file. Part of the what? Felony file. Yes. Okay. And then, um, my other question was at any time was the court, the trial judge approached with a bystander's record? No, I don't think there was any reason for bystander record. There was a order of the transcripts and it goes on for 130 pages. And I, I assumed that Brian attached that. In fact, I thought Brian, I both thought it was attached and it was a record, but no, it was a transcript of everything that took place. Okay. Thank you. That's my only questions. Thanks very much. All right. Thank you. Justice Hudson. No questions. All right. Um, the council opposing council says that, you know, once the tax petition for tax deed is filed, the obligation to search for the people interested has ended. Well, what about this new information that they received, even if they didn't look into the criminal records that she doesn't live here anymore? What should they have done with that? You're asking myself, Dan Duff. Yes. Well, she was in, you know, she was in the court record of the criminal proceedings as attached to the, by the court indicates that she was, uh, in court personally in court, at least seven in Kane County, at least seven times before the tax petition was filed. And numerous times after the tax petition was filed, the statute that Mr. Burek is relying on says, number one, there has to be a diligent inquiry. I do not think that there was this diligent inquiry, but he's sort of saying, well, we didn't really have to go through that because she was living with her sister outside the County. And the statute says, if we can't find it in the County, we could have found her 17 different times in the County, according to the court records that said, okay, this man news will be before this court on such and such a time will be before this court on such and such a time. She had 17, at least 17 different court appearances in Kane County, uh, that was anticipated because she was underneath the court court order to come such and such a date. And all they had to do is look at that and say, okay, I'll get a personal process server, go over to the courtroom and server. I mean, that would have been pretty easy to do. All right. I had another question and now, oh, how many, yeah, Mr. Duff, how many times after the petition for tax deed was filed, did she have court appearances? Um, I had, we'd have to estimate that I'd say eight to 10, the court mentioned multiple times in the court final order that mentions multiple times. And I believe it was eight to 10, but I don't have that off the top of my head. Sorry. Did judge Hall say that they, that the tax buyer was obligated to look at the criminal records or did he suggest that those were other things that could be considered? Uh, the judge said they were obligated to look at those records. The law generally speaking is that they're obligated to do an internet search, including probate records, other public records, public records, generally user internet search, et cetera, et cetera. The judge did find that they were obligated to look at the criminal records. Yes. And in Kane County, it's not like divided, like maybe some counties that just, well, this person committed a crime. So I'm going to look in the criminal records in Kane County to general search. You just go into Kane County court records and you put her name in. When that shows up and he gives you the name of the case and the case number and so forth. And then you go to that particular case and you've got all this information, but he did, he did in fact say that they were obligated to do that. And Mr. Burek said, well, that really isn't just related to Kane County. He was talking about all other counties. Wasn't he just talking about Kane County where these records are generally housed within the same platform? Yeah. The judge was specifically talking about the platform of Kane County. Right. That's okay. And that's where the house is and that's where the criminal case was. And that's where she appeared. In terms of your cross appeal, the postage, the $20 or whatever the amount is, I'm not saying $20 is insignificant, but assuming that it was not properly listed, doesn't that mean the tax buyer is going to have to, you know, they're going to have to eat it and they can't say, you haven't given us a proper redemption amount. Can you repeat that? I'm not too clear. All right. You said that there were certain, there was a certain amount, $20 that was not included in that notice, the redemption notice. If it is not included, can the tax buyer say, no, we're not going to take this redemption amount because it doesn't include postage or do they just have to eat the $20? I believe they have to eat the $20. So $20 was a postage fee or a circuit book fee or something. Yeah. And the law is pretty clear that it's, you know, they have to strict compliance. Number one, and number two, the whole structure of this tax code is to quote unquote, force the tax buyer to pay the taxes and not to give, I mean, the property owner to pay the taxes and not to give the tax buyer a Christmas present by buying something worth $250,000 for $5,000. Right. But I mean, the, the, the other purpose is I would suspect that if, if the amount was $5,020 and I only tendered $5,000, the tax buyer couldn't say, oh, wait, wait, wait, no, it's $5,020 because there's $20 postage. I'm not going to accept this. They couldn't do that equitably. Could they, if they had not listed the $20? Yeah, the, the, the, the, the redemption would have to come in with the exact amount or it would be rejected, which is why it's so important that even though it's only $20, it's extremely important because if the tax, if my property owner came into court, the clerks or treasurer's office that says, here's the money and they go, well, what do you mean you're $20 short? They would not accept the money. So she wouldn't be able to redeem. Theoretically, if she was the last day or whatever, she'd have a lot of problem, but you know, it's supposed to be strictly construed. And this was incorrect. The amount was incorrect from the very beginning. All right. Thank you, Mr. Duff. I have no additional questions. Mr. Burek, you have now some time for rebuttal and you may respond to the cross appeal. Thank you. Let's start with the $20 issue. The take notice that Mr. Duff is referring to in that objection, it's a section 22-5 take notice. It's not the section 22-10 take notice. Difference being, it's the initial notice that has to be sent out within four months and 15 days of the date of the tax sale. The notice itself, the statutory language that's required to be in the notice, states that this amount is subject to change. The reason the legislature has subject to change language in the statute is precisely for this reason, because fees get added to the amount to redeem as time goes on. And in fact, the notice that the tax buyer sent, it says you can't rely on this notice. You have to get an actual estimate of redemption from the county clerk's office in order to get the proper amount. And that amount is covered. And really here, it's the certified mail and the fee for sending out the certified mail. That's the $20.91 difference in the take notice. Had Ms. Nanews procured an estimate of redemption after having received the initial notice, the accurate figure would have been provided to her. It would have been updated by the county clerk's office. One of the other grounds, he talked about lien holders, the tax lien and the condominium association. Both of those liens had been released when my client went to prove this case up before the trial court. There's releases of record. The releases are attached to my brief. So those are non-issues as far as I'm concerned. If there's a mortgage and the mortgage has been released, then there's no reason to serve the mortgage holder because there's no further interest in the mortgage. In this case, there was a state of Illinois revenue lien that had been released. And there was a homeowner's association lien that had been released. The other argument regarding the subsequent tax purchaser. First of all, the subsequent tax buy was redeemed. And so that moots they're being required to be served. Secondly, Nadine Secor is a case cited by counsel. I'm personally familiar with that case. The attorney who represented the first tax buyer also represented the second tax buyer. And there was an ARDC problem with this. And that was the reason, well, there were two reasons that the appellate court ruled the way they did. One, because the same lawyer represented both tax buyers and didn't inform his client that he represented the purchaser of the first tax lien. And secondly, in the Secor case, the second tax purchaser filed a lis pendens against the property and it was of record. In this case, the subsequent tax buyer did not file a lis pendens and was not of record. And so service upon that second tax buyer was not required. In Mr. Duff's argument, he talked about the requirement of doing a probate search. A probate search is exactly the type of data which the title company searches when they search the name of the record owner. When they search heaven and man use, if there had been a probate filed, if there'd been a will filed, or an intestate estate filed, that would have been disclosed in the title search. The fact that the title search came back with the defining of none, N-O-N-E, none, meant that there were no civil matters pending against Ms. Nanus. And then part of the inquiry that was done upon Mr. Duff was Mr. Duff said that we could have looked at the criminal database, the criminal case, and seen that Ms. Nanus was required to be in court on certain days. Now, this type of imposition upon a tax buyer is exactly the reason that Oar versus Travelers ruled the way that they did. There's only so much that a tax buyer could do to inform people that their taxes have been sold, as if they didn't know already that their taxes have been sold because they've been getting tax bills for years and not paying them. But to impose upon the tax buyer to first of all, search a criminal database, which I believe is an erroneous imposition. And secondly, even if you have to search a criminal database, now you have to see when the defendant is coming to court. You have to have the sheriff's deputy go to court with a take notice. It seems like an overly burdensome obligation upon tax buyers. And that's all I've got. All right, Justice Jorgensen. I have no additional questions. Thank you both. Thank you to both counsel. Justice Hudson. I have no additional questions either. All right, Mr. Duff, it looks like you have five minutes if you want it. A case of... Am I unmuted? I keep getting a message and I'm not. Yes, you're unmuted. Okay. The Nadine Sackler case, S-A-C-K-L-R that I cited and I think that's what you're referring to. It specifically says the subsequent tax purchaser... Subsequent tax purchaser is the party interested in the property and is entitled to notice, period. I mean, it couldn't be clearer. And the whole argument that it's burdensome to Mr. Burek's client to do all this terrible stuff like go to Kane County and search her name. It just, it seems ludicrous to me. And getting back to the first... Getting back to the beginning of the argument here about the abode service. There's no abode service if she doesn't live there, number one. Number two, they were notified, red flag notified that she doesn't live there anymore. And again, I know I'm belaboring the point but all they had to do was go to Kane County court records. I didn't mean to restrict us to probate. I was just quoting a case that said there are all sorts of different things such as probate, et cetera, et cetera. But they also say in this day and age and I think that case was 20 years ago. Certainly in this day and age they have to do an internet search. And an internet search would certainly encompass that Kane County records were the property. So all they have to do is go to Kane County circuit court cases. I don't know if that's exact search words to use. But when I went there, I put her name in, pops right out and it says criminal case such and such. And you go right into that case and bam, that's where the judge got all the information. And again, she showed up in court seven times before the tax proceedings and she was notified and there was an order anticipating the next court date. And she came to every single court date and there had to be at least six to eight to 10. And all they had to do, I know it's a huge burden. I'm being sarcastic, but all they had to do is just look at that and say, oh, she's gonna be in court on such and such a date, I'm gonna serve her. And this case was about all over. But he says the tax was redeemed. We redeemed it, my client redeemed it. So all these issues and as far as the releases go, the releases regarding the judgment and the releases regarding the tax lane were subsequent to these proceedings. So I don't think the fact that they were released if they were released is relevant, that's all. All right, Mr. Duff, I'm assuming that you and Mr. Burek do this type of work not just one case at a time, but let's just talk about you. Do you pursue purchases and defense on multiple cases on an annual basis? Myself, no, I do not. Okay, so if you just have one case, it may not be a burden. But what if this is kind of your business and you do this, this is how your practice is structured. Would you have to do this on every case that you had? Go into, say, the database of the particular county and find this information? I think you do. I don't think it's very burdensome. I think it says a diligent search and it's defined that there's multiple cases that define what a diligent search is. And a diligent search is looking at their court records, yes, for sure. All right. And the judge will file. Justice Jorgensen or Justice Hudson, do you have any other questions? I do not. I do not. All right. All right. Thank you, counsel, for your participation this morning. We will take this matter under advisement and we will issue a decision in due course. We will now stand adjourned for today and safe travels wherever you're going. Thank you. Thank you. Thank you. Thanks.